Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone: (619) 233-7770
Fax: (619) 297-1022

Attorneys for Alexis Gonzalez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alexis Gonzalez,<br><br>                    Plaintiff,<br><br>v.<br><br>Resurgence Financial, LLC and Law Offices of Patenaude & Felix, A.P.C.,<br><br>                    Defendants. | Case No: 5:14-CV-00172-DSF-PJW<br><br>**Plaintiff's Objections related to Defendants' Motion To Dismiss Plaintiff's Complaint**<br><br>Date: May 12, 2014<br>Time: 1:30 PM<br>Dept. 840<br><br>**HON. DALE S. FISCHER** |

## I. Introduction

When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), "[R]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). A district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Lee v. City of Los Angeles*, 250 F3d 668, 688, (9th Cir 2001).

Defendants have submitted the declaration of Jeffrey W. Speights with its motion to dismiss. *See* Declaration of Jeffrey W. Speights, Docket No. 11-3. Through this impermissible extrinsic evidence, Defendants attempt to establish several facts which they believe if taken as true relieve Defendants from liability, including, "On information and belief, a P&F employee called and spoke with Mr. Gonzalez on March 20, 2007 and March 31, 2007 regarding his account." See Decl. of Jeffrey W. Speights, ¶ 5. None of these facts are contained in the complaint, therefore these factual challenges should have no bearing on the legal sufficiency of the allegations brought under a motion to dismiss under Rule 12(b)(6) and the entire declaration should be stricken from the record. *See Lee v. City of Los Angeles*, 250 F3d 668, 688, (9th Cir 2001).

## II. Argument

### A. Here Defendants inappropriately attempt to introduce extrinsic evidence. Plaintiff objects, and moves to strike this extrinsic evidence.

Through the use of extrinsic evidence, Defendants claim that Plaintiff was placed on notice of Defendants' collection lawsuit, filed in the Superior Court of Riverside, on March 20, 2007 and March 31, 2007 when an employee of

Defendants called Plaintiff.  See Decl. of Jeffrey W. Speights  ¶ 4.

Specifically, Defendants allege that "On information and belief, a P&F employee called and spoke with Mr. Gonzalez on March 20, 2007 and March 31, 2007 regarding his account."  See Decl. of Jeffrey W. Speights  ¶ 5.

Defendants' argument is improper as it relies entirely on inadmissible extrinsic evidence; and therefore, these factual challenges should have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6) and should not be given any weight.  See *Lee v. City of Los Angeles*, 250 F3d 668, 688, (9th Cir 2001) and *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). ("It is generally true that a trial court may not consider evidence outside the pleadings in connection with a motion to dismiss.")  See *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).

### III.  Conclusion

All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to plaintiffs."  Defendants cannot now attempt to introduce extrinsic evidence.  For the reasons stated herein, Plaintiff objects to the attempt by Defendants to introduce extrinsic evidence, and moves to strike this extrinsic evidence.

**Hyde & Swigart**

Date: April 21, 2014      By: s/ Crosby S. Connolly
                              Crosby S. Connolly
                              Attorneys for Plaintiffs