UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | ED CV 14–172 DSF (PJWx) | Date | 5/12/14 |
| Title | Alexis Gonzalez v. Resurgence Financial, LLC and Law Offices of Patenaude & Felix, APC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Defendants' Motion to Dismiss (Docket No. 11)

The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. ("Rule") 78, Local Rule 7-15.

## I.   INTRODUCTION

On August 3, 2006, Defendant Resurgence Financial, LLC (Resurgence) filed a debt collection action in Riverside Superior Court against Plaintiff Alexis Gonzalez (Riverside Superior Action).  (Docket No. 18, Defendants' Request for Judicial Notice (RJN), Ex. D.)[1] The Law Offices of Patenaude & Felix, APC (P&F) represented Resurgence in that action. (First Amended Complaint (FAC) ¶27.)  The state court entered a default judgment against Gonzalez on January 16, 2007.  (RJN, Ex. D.)  Gonzalez claims, however, that he was never properly served, (FAC ¶29), and that he first became aware of the Riverside Superior Action when reviewing his credit report on or about February 21, 2013, (id. ¶31).  Gonzalez filed a Motion to Vacate Default Final Judgment in the Riverside Superior Action, asserting lack of notice.  (RJN, Ex. A.)[2]  On January 8, 2014, the state court denied Gonzalez's Motion to

---

[1] The Court grants Defendants' RJN with respect to all exhibits, A through D. These exhibits are a matter of public record, the authenticity of which are capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned.

[2] Gonzalez's Motion to Vacate states that he first became aware of the Riverside Superior Action on July 24, 2013, when he received a letter from his bank.  (RJN, Ex. A.)  This differs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Vacate without explanation. (RJN, Ex. B.)

Gonzalez now brings this action against Resurgence and P&F (collectively, Defendants), for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq. and the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Cal. Civ. Code §§ 1788-1788.32. (See generally FAC.) Specifically, Gonzalez alleges that the Riverside Superior Action was brought "in a judicial district or similar legal entity that is outside of where [he] allegedly signed the contract sued upon and is outside the judicial district or similar entity where [he] resided at the commencement of the action[,]" in violation of 15 U.S.C. § 1692i. (Id. ¶28.) Gonzalez further alleges that "[t]hrough this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt[,]" in violation of 15 U.S.C. § 1692e. (Id. ¶33.) Based on these violations of the FDCPA, Gonzalez also brings a claim against Defendants for violations of the Rosenthal Act, which incorporates the FDCPA by reference. (Id. ¶35.)

Defendants move to dismiss the FAC for failure to state a claim. Specifically, Defendants argue that this action is barred by the one-year statute of limitations period under both the FDCPA and Rosenthal Act, as Gonzalez's claims are based entirely on the filing of the Riverside Superior Action on August 11, 2006. Defendants further assert that Gonzalez cannot rely on the "discovery rule" to toll the statute of limitations, as the state court already denied his Motion to Vacate, and the "Rooker-Feldman" doctrine prohibits Gonzalez from re-litigating the issue of notice before this Court.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further

---

from the date and method of discovery alleged in the FAC, but the inconsistency does not affect the Court's ruling on this MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

factual enhancement." Id. (alteration in original) (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

 Ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 1950 (alteration in original) (citation omitted) (internal quotation marks omitted). Plaintiffs do not typically need to "plead on the subject of an anticipated affirmative defense." Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013) (citation omitted) (internal quotation marks omitted). "When an affirmative defense is obvious on the face of the complaint, however, a defendant can raise that defense in a motion to dismiss." Id. (citations omitted).

 Matters properly the subject of judicial notice may be considered in ruling on a Rule 12(b)(6) motion. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A district court may consider "[r]ecords and reports of administrative bodies," id., and other "matters of public record outside the proceedings," such as motions filed in other cases. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

 "Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

III.   DISCUSSION

A.   Gonzalez's First Claim for Violations of the FDCPA

The statute of limitations for FDCPA actions is one year.  15 U.S.C. § 1692k(d); Magnum v. Action Collection Serv., Inc., 575 F.3d 935, 939 (9th Cir. 2009).  When the alleged violation of the FDCPA is the filing of a lawsuit, the statute of limitations begins to run on the filing of the allegedly offending complaint.  Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997).  However, commencement of the one-year period may be delayed by the "discovery rule," which dictates that a limitations period only begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Magnum, 575 F.3d at 941.  Additionally, "[a] motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted) (internal quotation marks omitted).  Thus, a complaint cannot be dismissed based on the statute of limitations "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  Id. at 1207 (citation omitted) (internal quotation marks omitted).

Defendants assert that Gonzalez's FDCPA claims are barred by the statute of limitations.  While Defendants acknowledge that the Ninth Circuit generally follows the "discovery rule," they argue that in denying his Motion to Vacate, the state court rejected Gonzalez's claim that he was unaware of the Riverside Superior Action, (id. at 8-10).  Therefore, Defendants assert that the Rooker-Feldman doctrine prevents Gonzalez from re-litigating the issue of notice before this Court.  (Id.)

Defendants misinterpret the Rooker-Feldman doctrine.  The Supreme Court has explained that Rooker-Feldman is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those arguments." Exxon Mobil Corp. V. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Ninth Circuit has also clarified that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."  Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).  Federal  jurisdiction is not barred, however, where "a federal plaintiff asserts as a legal wrong an allegedly legal act or omission by an adverse party."  Id.

Here, the FAC does not mention – much less challenge – the judgment in the Riverside Superior Action.  In fact, Gonzalez asserts that he "does not claim the state court erred and certainly does not seek as his remedy relief from the state court judgment." (Opposition at 8.)  Therefore, the Rooker-Feldman doctrine does not prevent the Court from considering Gonzalez's FDCPA claims.

The FAC alleges that Gonzalez was never served in the Riverside Superior Action,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

and that he first learned of the suit on or about February 21, 2013, upon review of his credit report. Gonzalez filed this federal action less than a year later, on January 29, 2014. Taking his allegations as true, as it must, the Court declines to dismiss Gonzalez's FDCPA claims, as it does not appear "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail, 68 F.3d at 1206.

Defendants' MTD is DENIED as to this claim.

### B. Gonzalez's Second Claim for Violations of the Rosenthal Act

Defendants also assert that Gonzalez's claim under the Rosenthal Act is barred by a one-year statute of limitations. (MTD at 5 (citing Cal. Civ. Code 1788.30(f)).) Gonzalez again appears to rely on the discovery rule to toll the statute for his state law claim. However, the pleading requirements for California's discovery rule are more extensive than its federal counterpart.

> In order to rely on the discovery rule for delayed accrual of a cause of action, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence."

Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005) (emphasis added) (citation omitted).

Here, Gonzalez's claim under the Rosenthal Act would be barred without the discovery rule, as it is based entirely on the alleged improper filing of the Riverside Superior Action more than seven years ago. While the FAC alleges the time and manner of discovery, Gonzalez fails to plead any facts to show that he was unable to make an earlier discovery, despite reasonable diligence. Accordingly, Gonzalez's claim under the Rosenthal Act is barred by the statute of limitations.

Defendants' MTD is GRANTED as to this claim. Because it is possible for Gonzalez to amend the FAC to allow reliance on the discovery rule, this claim is dismissed WITHOUT PREJUDICE.

### IV. CONCLUSION

The Motion is GRANTED IN PART and DENIED IN PART. An amended complaint must be filed and served by June 16, 2014. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion. Defendants' response will be due July 14, 2014.

IT IS SO ORDERED.